# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CAROL LYNN IDE,
            Appellant,

            v.

DEPARTMENT OF DEFENSE,
            Agency.

DOCKET NUMBER
CH-0752-19-0362-I-1

DATE: August 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael W. DeWitt, Esquire, Columbus, Ohio, for the appellant.

Eric Y. Hart, Esquire, Indianapolis, Indiana, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal and found that she failed to establish her affirmative defenses. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis of the appellant's disability discrimination claim and her claim of retaliation for requesting reasonable accommodation, we AFFIRM the initial decision.

The appellant was employed as Executive Assistant to the Deputy Director and Director of Civilian Pay at the agency's Civilian Pay Operations office. The agency removed her based on a charge of absence without leave (AWOL) consisting of 14 specifications covering 528 hours over a 3-month period. Initial Appeal File (IAF), Tab 6 at 17. On appeal, she alleged, among other things, that, in effecting her removal, the agency discriminated against her based on her disability under the theory of denial of reasonable accommodation. IAF, Tab 12. She also claimed that the agency retaliated against her for her protected activity, including requesting reasonable accommodation. IAF, Tab 1.

In a decision based on the written record, the administrative judge found that the agency had proven its charge. IAF, Tab 38, Initial Decision (ID) at 23-28. In assessing the appellant's disability discrimination claim, the administrative judge found that the appellant met the definition of an individual with a disability, but that ultimately she did not establish her claim. ID at 30-37. The administrative judge further found that the appellant did not establish her claim of retaliation for requesting reasonable accommodation. ID at 41-43. After

finding that the agency established that there was a nexus between the sustained charge and the efficiency of the service, ID at 45-46, and that removal was a reasonable penalty, ID at 46-49, the AJ sustained the agency's action, ID at 2, 49.

In *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29, the Board clarified that only an otherwise qualified individual with a disability is entitled to relief under the Rehabilitation Act for a claim of status-based discrimination or denial of reasonable accommodation. A qualified individual with a disability is one who can "perform the essential functions of the. . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8). Because the administrative judge in the instant case did not have the benefit of the Board's decision in *Haas*, we have addressed that issue here. As set forth below, we find that, although the administrative judge did not make a specific finding regarding whether the appellant is a qualified individual with a disability, the administrative judge made sufficient factual findings to lead to the conclusion that the appellant is, in fact, not a qualified individual with a disability.

The administrative judge considered the types of accommodation the appellant requested: transfer, telework, advanced sick leave, additional leave without pay (LWOP), and donated leave. As to the three types of leave, the administrative judge found that the approval or denial of requests for leave all were within the agency's discretion and that the agency had shown that its denials were reasonable under the circumstances. ID at 25-28. Specifically, the administrative judge found that the appellant never submitted a formal request for advanced sick leave, or the information required to support such a request, ID at 25; that, when she requested additional LWOP after the agency had already granted her a significant amount, there was no foreseeable end in sight to her absences, which had become a burden to the agency justifying the denial, *Bologna v. Department of Defense*, 73 M.S.P.R. 110, 114, *aff'd*, 135 F.3d 774 (Fed. Cir. 1997) (Table), ID at 25-26; and that, as to donated leave, the

appellant's condition appeared to be chronic rather than an emergency situation,[2] and that she failed to show how her participation in the agency program in 2017 would have alleviated her removal a year later, ID at 26-28. Regarding telework, the administrative judge found that the appellant requested full-time telework, not less than full-time, as she alleged, and that, in any event, the agency provided credible reasons for its decision to deny her more than 1 day of telework per week. ID at 31-35. And as for transfer, the administrative judge found that the appellant failed, during her last 18 months of employment, to identify any vacant funded position for which she was qualified and to which she could be transferred. *Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 54 (1998) (finding that an appellant has the burden of proving that a position for which she is qualified exists and was available); ID at 35-37. The administrative judge found therefore that the appellant also failed to prove that the agency did not accommodate her disability through the denial of telework and transfer. ID at 35, 37. Although the administrative judge did not explicitly find that the appellant is not a qualified individual with a disability, the administrative judge's findings are sufficient to establish that the appellant is not a qualified individual with a disability because she did not show that she can perform the duties of her position with or without accommodation.

After the initial decision was issued, the Board addressed another issue which bears on this case. In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 44, 46, the Board clarified that both requesting a reasonable accommodation and complaining of disability discrimination are activities protected by the Rehabilitation Act, and that such claims are therefore properly analyzed under 42 U.S.C. § 12203(a). Specifically, in such claims, the appellant

---

[2] In fact, 5 C.F.R. § 630.902 makes no distinction between chronic and urgent conditions, stating only that a medical emergency is a medical condition that is likely to require an employee's absence from duty. In any event, however, the administrative judge properly found that the allowance of donated leave under an agency program is, as with LWOP, at the agency's discretion. *Joyner v. Department of the Navy*, 57 M.S.P.R. 154, 160 (1993).

must prove that retaliation was a but-for cause of the agency's action. *Pridgen*, 2022 MSPB 31, ¶¶ 46-47. Again, because the administrative judge in this case did not have the benefit of the Board's decision in *Pridgen*, we have addressed that decision here. As set forth below, we find that the administrative judge applied a less stringent test to the appellant's claim of retaliation for requesting reasonable accommodation.

In addressing this allegation, the administrative judge found that, while the agency did not grant the appellant's request for more than 1 day per week of telework, it did allow her that schedule, as it did other new employees, even though it did not consider her position suitable for telework and had concerns with her ability to learn the position and effectively perform its duties, and that it thereby showed flexibility rather than retaliation for her protected activity. ID at 41. The administrative judge further found that, to the extent the agency was frustrated with the appellant's decision to live approximately 120 miles from her duty station, which caused her to request reassignment almost immediately after beginning her employment, such frustration was reasonable and did not demonstrate a retaliatory animus based on her protected activity. In addition, the administrative judge found that, other than management officials' knowledge of the appellant's protected activity, there was scant evidence that such activity was a consideration in the agency's decision to remove her. ID at 42. Concluding that the agency had a sound basis for the AWOL charge, the administrative judge found that the appellant did not prove that her request for reasonable accommodation was a motivating factor in the agency's decision to remove her. ID at 42-43.

The administrative judge analyzed the appellant's claim of retaliation for requesting reasonable accommodation in accordance with, and based on, the Title VII "motivating factor" standard. However, that standard is a lower standard than the Rehabilitation Act's but-for causation standard for retaliation claims. Because we otherwise discern no error in the administrative judge's reasoning,

we affirm her finding, as modified, to find that the appellant did not prove that her request for reasonable accommodation was a but-for cause of her removal.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      *Gina K. Grippando*
     _____
     Gina K. Grippando
     Clerk of the Board

Washington, D.C.